In the Matter of NATURAL RESOURCES DEFENSE COUNCIL, INC., Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [864 NYS2d 486]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation dated January 12, 2006, renewing the State Pollution Discharge Elimination System permit for John F. Kennedy International Airport, and an action for a declaratory judgment, the petitioner appeals from a judgment of the Supreme Court, Queens County (Rosengarten, J.), dated April 18, 2007, which denied the petition, dismissed the proceeding, and declared, inter alia, that the permit issued on January 12, 2006 to the Port Authority of New York and New Jersey for John F. Kennedy Airport was properly issued by the New York State Department of Environmental Conservation.

Ordered that the judgment is affirmed, with one bill of costs to the respondents, appearing separately and filing separate briefs.

The Port Authority of New York and New Jersey (hereinafter the Port Authority) operates John F. Kennedy International Airport (hereinafter JFK), which abuts Jamaica Bay. Pursuant to the federal Clean Water Act (see 33 USC § 1251 et seq.) and New York's State Pollution Discharge Elimination System (hereinafter SPDES) (see ECL 17-0801 et seq.), in 1987 the New York State Department of Environmental Conservation (hereinafter the DEC) issued to the Port Authority an SPDES permit allowing JFK to discharge certain pollutants into Jamaica Bay according to the conditions of the permit. As required by the Clean Water Act, such permits are valid for a fixed term not to exceed five years (see ECL 17-0817 [1]; 6 NYCRR 750-1.15). Since then, the permit has been modified and renewed several times.

In 1994 the Legislature amended the procedure for the renewal and review of SPDES permits by promulgating into law what the DEC terms the "Environmental Benefit Permit Strategy" (hereinafter the 1994 Act; see L 1994, ch 701). The 1994 Act modified ECL 17-0817 by providing that all SPDES permits may be "administratively renewed," but that the DEC would conduct a "full technical review" of SPDES permits according to a "priority ranking system" (ECL 17-0817 [2], [4]).

Section 1 of the 1994 Act provides that the legislative intent of the act was as follows: "To simplify the permitting process for the regulated community, it is the intent of the legislature that the [DEC] eliminate unnecessary administrative complexities which, though currently required in law, cause the regulated community and New York's economy to incur unnecessary costs. Prioritizing the review of permits independently of their renewal periods will reduce the [DEC's] and the regulated community's workload. It will also allow the regulators to focus on significant source discharges, on discharges for which standards have changed, on modifications requested by the permittee, and on new permit applications. This change in the SPDES permitting process will deemphasize arbitrary calendar deadlines and replace them with important water quality and water body improvement initiatives. This new flexibility will enhance the ability of the [DEC] to use the state's resources to protect the environment while allowing the regulated community and New York's economy to prosper from the reduced weight of regulatory burdens" (L 1994, ch 701, § 1).

By 2005 the Port Authority's SPDES permit had achieved the second highest Environmental Benefit Permit Strategy priority rank and the DEC was engaged in "full technical review" of the permit so as to determine if modifications to its conditions were required. Meanwhile, the permit, which was last renewed in 2001 for a five-year term, was set to expire in June 2006. In January 2006 the Port Authority submitted a "short-form" renewal application and the DEC "administratively renewed" the permit before the "full technical review" was complete.

The petitioner then commenced this hybrid proceeding to review the DEC's January 2006 "administrative renewal" and action for a judgment declaring, inter alia, that the DEC acted contrary to law by renewing the permit without completing a technical review of the renewal application and without adding to or modifying the permit so as to comply with certain federal regulations relating to stormwater discharges. The Supreme Court denied the petition, dismissed the proceeding, and declared, inter alia, that the permit renewal was properly issued. While this appeal was pending, the DEC completed its technical review and modified the permit so as to comply with the federal stormwater regulations.

Contrary to the contentions of the respondents, to the extent that this appeal challenges the legality of the DEC's January 2006 action in issuing an administrative renewal of JFK's SPDES permit without undertaking a substantive review of the permit, the appeal is not academic (*see Saratoga County*

*Chamber of Commerce v Pataki,* 100 NY2d 801, 811 [2003], *cert denied* 540 US 1017 [2003]; *Matter of Village of Hudson Falls v New York State Dept. of Envtl. Conservation,* 158 AD2d 24, 28 [1990], *affd* 77 NY2d 983 [1991]). However, the Supreme Court properly determined that the DEC did not violate ECL 70-0115 (2) (c) by issuing an administrative renewal before it had completed a substantive review of the permit. While the 1994 Act did not eliminate the requirement in ECL 70-0115 (2) (c) that a request for the renewal of an SPDES permit "shall be treated as an application for a new permit," the petitioner's interpretation of the ECL, which would require the DEC to conduct a full substantive review of every permit before it is renewed, would be directly contrary to the legislative intent of the 1994 Act as stated in the act itself. Also contrary to the contention of the petitioner, the DEC's "administrative renewal" of the permit does not violate 33 USC § 1342 (b) (1) (B) or ECL 17-0817, each of which requires that SPDES permits be for fixed terms not exceeding five years (*see Natural Resources Defense Council, Inc. v United States Envtl. Protection Agency,* 859 F2d 156, 212-214 [1988]).

The parties' remaining contentions are without merit. Prudenti, P.J., Ritter, Florio and McCarthy, JJ., concur.